748 S.E.2d 220

**In the Matter of Former Aiken County Magistrate Donald Louis HATCHER, Respondent.**

**Appellate Case No. 2013–001509.**

**No. 27311.**

Supreme Court of South Carolina.

Submitted Aug. 7, 2013.

Decided Sept. 4, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Donald Louis Hatcher, of Aiken, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RLDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the issuance of an admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

At the conclusion of a session of bond court, respondent kissed the clerk who had been working with him on the forehead. Respondent contends the kiss was a gesture of appreciation for the clerk's hard work and that he in no way intended it to be an amorous gesture. However, respondent recognizes the clerk was offended by the gesture. Respondent maintains he never would have intentionally offended the clerk, but acknowledges it was inappropriate for him to kiss a subordinate on the forehead. The clerk complained about the matter to the Chief Magistrate. Respondent subsequently tendered his resignation.

### *Law*

Respondent admits that his conduct constitutes a violation of Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 1A (a judge should participate in establishing, maintaining and enforcing high standards of conduct and shall personally observe those standards so the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); and Canon 3B(4) (a judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity), of the Code of Judicial Conduct, Rule 501, SCACR.

Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1) (it shall be a ground for discipline for a judge to violate or attempt to violate the Code of Judicial Conduct) and Rule 7(a)(9) (it shall be a ground for discipline for a judge to violate the Judge's Oath of Office contained in Rule 502.1, SCACR), of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.